FILED

2009 AUG 21 PM 3:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. O. CALIF.
LOS ANGELES

BY_____

1  MICHELLE UZETA (State Bar No. 164402)
2  muzeta@hrc-la.org
   Southern California
3    Housing Rights Center, Inc.
4  520 S. Virgil Ave., Suite 400
   Los Angeles, CA 90020
5  TEL: (213) 387-8400
6  FAX: (213) 381-8555

7  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, dba HOUSING RIGHTS CENTER, a California nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARTHA SATRUSTEGUI, individually and as trustee of MARTINEZ AND SATRUSTEGUI TRUST; HORACIO MARTINEZ. Individually and as trustee of MARTINEZ AND SATRUSTEGUI TRUST; CAROLINE MINASSIAN, individually and as managing agent; SHIRLEY SANDOVAL, individually and as managing agent, and DOES I – X, inclusive.<br><br>Defendants. | Case No. CV09-6132 CBM (AGRx)<br><br>**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES, AND INJUNCTIVE RELIEF** |

///
///
///
///

**COMPLAINT**
- 1 -

## I. NATURE OF THE CASE

1. This action seeks monetary, declaratory, and injunctive relief against Defendants for unlawful housing discrimination against prospective tenants on the basis of familial status. This action is brought pursuant to the Fair Housing Act, 42 U.S.C. § 3601, et seq., as well as related federal and California laws.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States, specifically the Fair Housing Act, 42 U.S.C. §§ 3601-3619. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because those claims are related to Plaintiff's federal law claims and arise out of a common nucleus of related facts.

3. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to these claims occurred in this district and the Defendants conduct business in this district.

4. This Court has authority to grant declaratory and injunctive relief as well as compensatory and punitive damages pursuant to 42 U.S.C. §§ 3612(o)(3), 3613(c)(1), and 28 U.S.C. §§ 2201-02. The Court also has the authority to award reasonable attorneys' fees and costs to a prevailing party pursuant to 42 U.S.C. § 3613(c)(2).

## III. PARTIES

5. Plaintiff Southern California Housing Rights Center ("HRC") is a non-profit corporation organized under the laws of the state of California with its principal place of business at 520 S. Virgil Ave., Los Angeles, California 90020. HRC's mission is to actively support and promote fair housing through education and advocacy to the end that all persons have the opportunity to secure the housing they desire and can afford, without discrimination based on their race, color, religion, gender, sexual orientation, national origin, familial status, marital status, disability, ancestry, age, source of income or other

characteristics protected by law. HRC engages in activities to identify barriers to fair housing in the County of Los Angeles and Ventura County and to counteract and eliminate discriminatory housing practices. To this end, the activities in which HRC engages include, but are not limited to: (1) providing outreach and education to the community regarding fair housing; (2) investigating allegations of discrimination; (3) conducting tests of housing facilities to determine whether freedom of residence and equal opportunity are provided; (4) taking such steps as it deems necessary to assure such equal opportunity and to counteract and eliminate discriminatory housing practices.

6. In support of its goals, the HRC engages in a variety of educational, counseling and referral services throughout Los Angeles and Ventura Counties, including Glendale, as well as conducting tests for housing discrimination throughout the area. HRC staff has spoken at various forums sponsored by government agencies and real estate industry groups. These activities provide guidance and information to individuals throughout HRC's service area who are seeking housing without regard to protected characteristics.

7. The public outreach activities in which HRC engages have generated numerous phone calls from individuals who have a variety of needs in seeking access to housing. The HRC counsels these individuals on the options available to them to obtain access to integrated housing and refers them to appropriate government and community agencies for assistance.

8. HRC is an "aggrieved party" within the meaning of 42 United States Code section 3602(i) and California Government Code section 12927(g).

9. Upon information and belief, Defendants Martha Satrustegui and Horacio Martinez, trustees and conservators of the Martinez and Satrustegui Trust, were at all times relevant herein the owners and/or operators of an residential rental apartment complex located at 1115 E. California Avenue, Glendale, CA 91206, in the County of Los Angeles ("subject property"). The units rented at the subject property are dwellings within the meaning of 42 U.S.C. § 3602(b). Defendants Martha Satrustegui and Horacio Martinez are "owners" within the meaning of California Government Code sections

1  12927(e) and "persons" subject to the anti-discrimination provisions of the Fair Housing
2  Amendments Act. 42 U.S.C. § 3602(d).

3  10. As the owners and/or operators of the subject property, Defendants Satrustegui
4  and Martinez are responsible for approving all potential tenants and terminating the
5  leases of any actual tenants through processes adopted and implemented directly by them
6  or by their agents or employees. Upon information and belief, Defendants Satrustegui
7  and Martinez reside at 2833 Nicols Canyon Pl., Los Angeles, CA 90046-1307, in the
8  County of Los Angeles.

9  11. Upon information and belief, Defendant Caroline Minassian serves as the onsite
10 manager at the subject property and resides there as well. Defendant Minassian is an
11 "owner" within the meaning of California Government Code sections 12927(e) and
12 12955(a) and a "person" subject to the anti-discrimination provisions of the Fair Housing
13 Amendments Act. 42 U.S.C. § 3602(d).

14 12. Upon information and belief, Defendant Shirley Sandoval serves as a managing
15 agent for Defendants Satrustegui and Martinez. Defendant Sandoval resides at 17123
16 Chatsworth St., Apt. 9, Granada Hills, CA 91344-5725, in the County of Los Angeles.
17 Defendant Sandoval is an "owner" within the meaning of California Government Code
18 sections 12927(e) and 12955(a) and a "person" subject to the anti-discrimination
19 provisions of the Fair Housing Amendments Act. 42 U.S.C. § 3602(d).

20 13. Plaintiff is informed and believes that each Defendant was the agent, employee,
21 partner, co-conspirator, or other authorized representative of the other, and, in
22 committing the acts and omissions alleged hereinafter, were acting within the scope of
23 their agency, employment, partnership, conspiracy, or other authorized representation.
24 Whenever and wherever reference is made in this Complaint to any acts of Defendants,
25 such allegations and reference shall also be deemed to mean the acts of each Defendant
26 acting individually, jointly or severally.

27
28

## I. FACTUAL ALLEGATIONS

### A. Introduction

14. Defendants, acting individually and through their agents, have engaged in a pattern or practice of discrimination in the operation of the subject premises. That pattern or practice of discrimination includes, but is not limited to discriminating against individuals on the basis of familial status, in violation of 42 U.S.C. § 3604, subdivision (a) and Gov't Code § 12955, subdivision (a); denying persons equal accommodations because of familial status in violation of 42 U.S.C. § 3604, subdivision (a) and Gov't Code §§12927, subdivision (c)(1), 12955, subdivision (d); making statements of preference, limitation, or discrimination with respect to the rental and use and enjoyment of housing accommodations in violation of 42 U.S.C. §3604, subdivision (c) and Gov't Code §12955, subdivision (c); interfering with persons in the exercise and enjoyment of rights granted or protected under the Fair Employment and Housing Act in violation of 42 U.S.C. §3617 and Gov't Code §12955.7; and otherwise making unavailable or denying housing accommodation because of familial status in violation of 42 U.S.C. § 3604, subdivision (a) and Gov't Code §12955, subdivision (k).

### B. HRC's Investigation

15. On October 2, 2008, HRC received a complaint of discriminatory activities related to the rental of apartment units at the subject property. The complainant informed HRC that her mother-in-law formerly resided at the subject property. The complainant alleged that the manager would not rent to families with children or young couples because the manager thought the couples would have children.

16. HRC conducted an investigation into the allegations of familial status discrimination at the subject property utilizing both vacancy checks and on-site tests. Both the vacancy checks and the on-site tests sustained the allegations.

*Vacancy Checks*

17. HRC conducts vacancy checks to confirm the existence of a vacancy prior to conducting an onsite test at a property it is investigating. Between October 27, 2008 and February 2, 2009, HRC staff conducted nine vacancy tests at the subject property. During six of the nine vacancy checks statements were made by Defendants indicating a discriminatory preference for senior tenants and a discriminatory preference *not* to rent to families with children.

18. During an October 27, 2008 vacancy check HRC staff spoke with an individual named "Martha" who identified herself as the owner of the subject property. Upon information and belief, "Martha" is Defendant Martha Satrustegui. The caller asked whether there were any available units at the subject property. Martha stated that a one-bedroom unit would be available on February 1, 2009 and that the unit is for senior citizens. Martha also disclosed to the caller that the unit was going to be available because the owners/managers of the subject property were cancelling their contract with the city and not renewing the lease due to the son being a nuisance. Martha stated that the caller should go to the subject property and ask for the onsite manager, "Caroline". Upon information and belief, "Caroline" is Caroline Minassian.

19. During an October 30, 2008 vacancy check HRC staff spoke with a woman named Martha, who upon information and belief is Defendant Martha Satrustegui. Martha stated to the caller that although the subject property was not necessarily only for senior citizens, most tenants are older, or words to that effect. Martha also stated that the building is very quiet and there are not a lot of young people because they might have loud parties or make a lot of noise, or words to that effect. Martha also stated that she really wants to help senior citizens and that she and her husband thought that they could help them (seniors) the most by giving them priority, or words to that effect.

20. During a January 6, 2009 vacancy check HRC staff spoke to a woman named Martha. Martha identified herself as the landlord of the subject property and upon

information and belief is believed to be Defendant Martha Satrustegui. Upon inquiring about available units at the subject property, the caller was told by Martha that while there was a unit available, the building is a senior citizen building. Upon learning that the caller would be the sole occupant, the agent stated that there were exceptions for "no noisy, very quiet" people who would "cooperate with old people", or words to that effect.

21. During a January 9, 2009 vacancy check, HRC staff spoke to a woman identified as "Martha" who upon information and belief, is believed to be Defendant Martha Satrustegui. Upon being asked whether there were any units available at the subject property, Martha responded that there was a one-bedroom available, and that the building was for senior citizens, or words to that effect.

22. During a January 15, 2009 vacancy check, HRC staff spoke to an individual named "Martha" who identified herself as the manager of the subject property. Upon being asked whether there were any units available at the subject property, Martha confirmed that there was, then stated that the building was a senior citizen building and that she would only rent to a young person if there was no loud noise, or words to that effect.

23. During a February 2, 2009 vacancy check, HRC staff spoke to an individual who identified herself as "Shirley", inquiring as to the availability of a rental unit at the subject property. Upon information and belief, "Shirley" is believed to be Defendant Shirley Sandoval. Shirley told the caller that a one-bedroom unit was available. Shirley then stated that she felt she needed to explain the demographics of the subject property to the caller, or words to that effect. Shirley went on to state that the subject property was a mostly senior community, or words to that effect, and repeatedly stressed that it was a quiet place to live.

### On-site Tests

24. HRC routinely employs "testers", trained volunteers who play the role of a person who is looking for a housing unit in which to reside. Testers are given no information

COMPLAINT
- 7 -

about any allegations against property owners. Instead, they are instructed to either call or visit a property to view an available dwelling. They receive explicit instructions on what information to provide and questions to ask the housing provider Testers provide summaries of their interactions with housing providers, which HRC reviews in order to confirm or refute allegations of discrimination.

25. HRC conducted on-site tests for familial status discrimination at the subject property on January 8, 2009 and January 17, 2009. Each test consisted of paired testers: one tester who stated that he or she had children under the age of 18, and one tester who was a member of an adult only household.

26. On January 8, 2009, two testers (hereinafter "Tester A" and "Tester B") arrived at the subject property at or about the same time. Tester A stated that he had a 3-year-old son, and Tester B stated that he was going to move in with his younger brother. The two testers met with Defendant Caroline Minassian, who identified herself as the assistant manager of the subject property, and then later with Defendant Martha Satrustegui who was identified as the owner/manager of the subject property.

27. Tester A (with the 3 year-old) was initially told by Defendant Minassian that the complex was only for senior citizens, but that if his son was a very quiet boy they might be able to move in, or words to that effect. Tester A was subsequently informed by Defendant Satrustegui that there were no children allowed at the subject property, and that it was a senior citizen's place, or words to that effect.

28. Tester B, who stated he was looking for a place for himself and his adult brother, was told by Defendant Minassian that she would to try to make it work, or words to that effect. Additionally, Tester B overheard Defendant Satrustegui tell Tester A that the subject property was "no good for children."

29. A second on-site test was conducted at the subject property on January 17, 2009. "Tester C", a single female with a 5-year-old daughter, was told by a woman identifying herself as Caroline that no children were allowed at the subject property, that the subject property was for seniors only and that they liked it quiet, or words to that effect. Upon

information and belief "Caroline" is believed to be Defendant Caroline Minassian. Defendant Minassian refused to allow Tester C to apply for the unit and told Tester C to look at other buildings in the area that accept children, or words to that effect.

30. "Tester D", a single female with a 25-year-old adult daughter, was shown a one bedroom unit upon arriving at the subject property.

*Additional Investigation Activity*

31. HRC staff contacted the public housing authority for the City of Glendale and the City of Glendale to inquire as to whether there was any record of the subject property being designated as a senior citizen complex. HRC was told by both agencies that they had no record of the subject property being designated as senior housing.

## V. INJURY

32. Defendants' discriminatory actions required Plaintiff HRC to divert its scare resources from its other fair housing activities and frustrated its mission of eliminating housing discrimination and actively promoting fair housing in the City of Glendale and Los Angeles County generally. Accordingly, Plaintiff HRC seeks monetary, declaratory, and injunctive relief for housing discrimination by and through this action.

## VI. CLAIMS FOR RELIEF

**First Claim - Fair Housing Act**

(By Plaintiff Against All Defendants)

33. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 32 above.

34. Defendants, by and through a pattern or practice of discrimination on the basis of familial status have violated the federal Fair Housing Act, 42 U.S.C. §§ 3601-3619, in

that Defendants have injured Plaintiff by engaging in the following discriminatory housing practices:

    a. Making unavailable or denying a dwelling to persons because of familial status, in violation of 42 U.S.C. § 3604(a);

    b. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status, in violation of 42 U.S.C. § 3604(b);

    c. Making statements with respect to the rental of a dwelling which indicated a preference, limitation, or discrimination based on familial status, in violation of 42 U.S.C. § 3604(c);

    d. Representing to any person because of familial status that any dwelling is not available for rental, sale or occupancy when such dwelling is in fact available, in violation of 42 U.S.C. § 3604(d); and

    e. Interfering with persons in the exercise or enjoyment of rights guaranteed by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

## Second Claim – California Fair Employment and Housing Act
### (By Plaintiff Against All Defendants)

35. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 34 above.

36. Defendants, by and through a pattern or practice of discrimination on the basis of familial status, violated the California Fair Employment and Housing Act by engaging in the following discriminatory housing practices:

    a. Discriminating against persons because of familial status or age or both, in violation of CAL. GOV. CODE § 12955(a);

b. Making or causing to be made oral inquiries concerning the familial status or age or both of persons seeking to rent or lease housing accommodations, in violation of CAL. GOV. CODE § 12955(b);

c. Making statements with respect to the rental of a housing accommodation that indicates preference, limitation, or discrimination based on familial status or age or both, or an intention to make that preference, limitation, or discrimination, in violation of CAL. GOV. CODE § 12955(c);

d. Discriminating against persons on the basis of familial status or age or both in violation of Section 51 of the Civil Code, as that section applies to housing accommodations, in violation of CAL. GOV. CODE § 12955(d);

e. Aiding, abetting, inciting, compelling, or coercing the doing of any of the unlawful acts or practices, or attempted to do so, in violation of CAL. GOV. CODE § 12955(g);

f. Inducing persons to rent dwellings by representations regarding the entry or prospective entry into the neighborhood of a person or persons of a particular familial status or age or both, in violation of CAL. GOV. CODE § 12955(h);

g. Otherwise making unavailable or denying a dwelling based on discrimination because of familial status, in violation of Cal. Gov. Code § 12955(k); and

h. Implementing and enforcing a policy or practice that has a discriminatory effect on families with children in violation of Cal. Govt. Code § 12955.8.

### Third Claim – Negligence
*(By Plaintiff Against All Defendants)*

37. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 36 above, as though fully set forth herein.

38. Defendants owed Plaintiff a duty to operate the management of the subject property in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and themselves to fulfill that duty. Defendants' negligence harmed and continues to harm the HRC by frustrating its mission and forcing it to divert its scarce resources to combat Defendants' unlawful conduct. Defendants negligently violated that duty by discriminating against prospective tenants based on familial status. Defendants' violation of that duty was the result of negligence, including but not limited to:

    a.    Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws;

    b.    Defendants' negligent failure to supervise themselves and their employees regarding compliance with the requirements of state and federal fair housing laws;

    c.    Defendants' negligent failure to discipline or terminate employees, who failed to comply with the requirements of state and federal fair housing laws; and,

    d.    Failure to operate the subject property in conformity with accepted industry custom and standards.

## VII. PRAYER FOR RELIEF

Plaintiffs pray this Court enter judgment as follows:

1. Declare that the discriminatory practices of the Defendants as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, et seq., and the California Fair Employment and Housing Act, CAL. GOV. CODE § 12955, et seq.

2. Enjoin Defendants, their agents, employees, successors, and all other

person in active concert or participation with any of the Defendants from continuing to discrimination on the basis of familial status against the Plaintiffs or against any other person who is a prospective or current tenant at the subject property or any other property owned or managed by Defendants or a potential applicant for tenancy in any of the apartment complexes in violation of the above federal and state laws in any aspect of the occupancy of a dwelling.

3. Order that the Defendants provide equal housing opportunities to all prospective and in-place tenants, engage in comprehensive fair housing training, and submit to monitoring of their practices and records in order to ensure compliance with the fair housing laws.

4. Award compensatory damages to Plaintiff.

5. Award punitive damages to Plaintiff.

6. Award any other such damages as may be allowed under all the above federal and state laws.

7. Award to Plaintiff its reasonable attorneys' fees and costs in this action.

8. Award all such other relief as the Court deems just.

Dated: August 21, 2009                           Respectfully Submitted,

                                                 _____
                                                 MICHELLE UZETA
                                                 Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

### CV09- 6132 CBM (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Michelle Uzeta(SBN: 164402)
muzeta@hrc-la.org
SO. CALIFORNIA HOUSING RIGHTS CENTER
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90040
T: (213)387-8400

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, dba HOUSING RIGHTS CENTER, a California nonprofit corporation, PLAINTIFF(S) <br><br> v. <br><br> MARTHA SATRUSTEGUI, individually and as trustee of MARTINEZ AND SATRUSTEGUI TRUST; (SEE attachment for additional parties) <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV09-6132** CBM (AGRx) <br><br> SUMMONS |

TO: DEFENDANT(S): <u>MARTHA SATRUSTEGUI ET AL.,</u>

A lawsuit has been filed against you.

Within <u> 20 </u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>MICHELLE UZETA</u>, whose address is <u>520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 2 1 2009__    By: **CHRISTOPHER POWERS**
                                Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                          SUMMONS

# ATTACHMENT

DEFENDANTS CONTINUED:

HORACIO MARTINEZ, Individually and as trustee of MARTINEZ AND SATRUSTEGUI TRUST; CAROLINE MINASSIAN, individually and as managing agent; SHIRLEY SANDOVAL, individually and as managing agent, and DOES I – X, inclusive.

Michelle Uzeta(SBN: 164402)
muzeta@hrc-la.org
SO. CALIFORNIA HOUSING RIGHTS CENTER
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90040
T: (213)387-8400

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, dba HOUSING RIGHTS CENTER, a California nonprofit corporation, PLAINTIFF(S)<br>v.<br>MARTHA SATRUSTEGUI, individually and as trustee of MARTINEZ AND SATRUSTEGUI TRUST; (SEE attachment for additional parties)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-6132 CBM (AGRx)<br><br>SUMMONS |

TO: DEFENDANT(S): MARTHA SATRUSTEGUI ET AL.,

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, MICHELLE UZETA_____, whose address is 520 S. Virgil Ave., Suite 400, Los Angeles, CA 90020_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 2 1 2009__   By: __CHRISTOPHER POWERS__
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1198

CV-01A (12/07)   SUMMONS

## **ATTACHMENT**

DEFENDANTS CONTINUED:

HORACIO MARTINEZ, Individually and as trustee of MARTINEZ AND SATRUSTEGUI TRUST; CAROLINE MINASSIAN, individually and as managing agent; SHIRLEY SANDOVAL, individually and as managing agent, and DOES I – X, inclusive.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, dba HOUSING RIGHTS CENTER, a California nonprofit corporation

**DEFENDANTS**
MARTHA SATRUSTEGUI; HORACIO MARTINEZ; CAROLINE MINASSIAN; SHIRLEY SANDOVAL; DOES I- X, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MICHELLE UZETA, SOUTHERN CAL. HOUSING RIGHTS CENTER
520 S. Virgil Avenue, Suite 400, Los Angeles, CA 90020
213-387-8400

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This action seeks relief against defendants based on their unlawful discrimination based on familial status. 42 U.S.C. Section 3601, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE/ PENALTY | |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☒ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Michel Vista_  Date August 21, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |